OVERTON, Justice,
dissenting.
I dissent. The majority has adopted a mandatory, inflexible rule that requires the state to release a defendant on his or her own recognizance if a direct information or grand jury indictment has not been filed within forty days from the date the defendant is taken into custody. There are no exceptions to allow the state attorney or grand jury to secure testimony, for example, from a hospitalized material witness, or to obtain critical expert testimony or scientific reports. The failure to include an exception process in the rule is unnecessary, unwise, and contrary to the recommendations of the knowledgeable entities presenting the rules to us for our consideration. Interestingly, this rule came not from the outside but from the inside. The rule, as adopted, had its genesis in the bosom of this Court — not in the rules committee.
The Criminal Procedure Rules Committee of The Florida Bar, by a vote of 30 to 5, and the Board of Governors of The Florida Bar, by a vote of 24 to 3, recommended that the Court adopt the following proposed rule that includes an exception provision:
Pretrial Release. In the event that the defendant remains in custody and has not been charged by information, indictment or otherwise, and for whom no adversary preliminary hearing has been held within 30 days of the date of his or her arrest or service of capias upon him or her, such defendant shall be taken on or before the 30th day before a magistrate for consideration of pretrial release. Unless the state can show good cause why the charging instrument has not been filed, the defendant shall be released from custody on his or her own recognizance. Any defendant who remains in custody after the 30th day shall be brought before a magistrate at least every ten days thereafter, until the charging document is filed or defendant is released from custody.
(Emphasis added.) The committee and the board of governors believed that this proposed rule properly addressed this Court’s concern that there be a rule to protect against defendants’ unnecessarily remaining in custody. They found justification to include a limited “good cause” exception requiring the prosecution to show cause for delay after a defendant has been held for thirty days without being formally charged and to show good cause every ten days thereafter until the charging document is filed. There is no such exception or flexibility in the rule adopted by the majority.
The committee’s proposed rule would sufficiently protect a defendant from unnecessary delay in being formally charged. It should be understood that a defendant in this situation is represented by counsel and that a judge has found probable cause that this defendant committed an offense. The proposed committee rule grants a limited exception for an extension when good cause is shown to the trial judge. The exception is not open-ended; rather, it is restricted to ten days. Furthermore, the exception is reasonable. The Florida Association of Criminal Defense Lawyers, in its response filed in this cause, recognized the *829 state attorneys’ claim that the requirement that an uncharged defendant be released might “cloud the charging process,” particularly in “tough cases” which require extra investigation, such as first-degree murder cases, sexual batteries with child victims, and complex white-collar cases. The criminal defense lawyers justify the absolute rule on the basis that the prosecution has made an extensive investigation before an arrest, and they suggest that, if a prosecutor cannot decide which charges to file within forty days, he may play with the process. They offer the following as an example:
[I]f the State Attorney cannot obtain a first degree murder indictment within the time period prescribed in Rule 3.133, he will file an information for second degree murder following arrest. The State will later obtain an indictment for first degree murder. Consequently, the alleged problems with the 40 day provision in Rule 3.133(b)(6) do not exist_
This is not an acceptable solution to the exception problem.
We have a unique charging process in this state. We are one of only four jurisdictions that grant to the state attorney the authority to file a direct information. The state attorney in this state is, in effect, a one-person grand jury when filing informa-tions for offenses less than capital. We require the state attorney, in making his charging determination, to have the same quality of testimony before him that the grand jury would have before it to return an indictment. We require the state attorney, in filing a direct information for a felony offense, to state under oath, “his good faith in instituting the prosecution and [to certify] that he has received testimony under oath from the material witness or witnesses for the offense.” Fla.R. Crim.P. 3.140(g) (emphasis added). The reason for the rule is to assure that the evidence that forms the basis for an information is the same type of evidence that forms the basis for a grand jury indictment.
There is no question in my mind that there will be instances occurring in serious cases where a material witness, an expert witness, or a necessary scientific report will not be available for either a grand jury or a state attorney within the mandatory forty-day cutoff period. This will result in games being played with the process, as suggested by the criminal defense bar. In fact, given the present mandatory rule, I would expect that most state attorneys will be filing informations based on hearsay evidence from investigating officers rather than “testimony under oath from the material witness or witnesses.” In my view, the rule adopted by the majority will reduce the efficacy of our charging process, which was designed to assure that a defendant is correctly charged.
Finally, I am unable to understand why the majority is reluctant to put its trust in the trial judges of this state to properly administer the good-cause exception of the committee’s proposed rule. Given our trial judges’ similar responsibility with the speedy trial rule, why not trust them here? I trust our trial judges to properly administer the committee’s proposed rule, and I find that it is clearly in the best interest of our criminal charging process. Accordingly, I dissent from the rule crafted by the majority and, instead, would adopt the committee’s proposed rule.
McDONALD, J., concurs.